## The Union Bank of Louisiana *v.* Bradford.

Where a mortgage stipulates that on the mortgagor's failure to pay the debt the property may be seized and sold for cash, without appraisement, but, in the petition for an order of seizure and sale, the right to sell without appraisement is not claimed, and the petitioner prays that the property " may be seized and sold as the law directs," and the judge directs that " an order of seizure be issued as prayed for and the property sold as the law directs," but in the writ issued by the clerk on this order, the sheriff is directed to sell for cash, with⁻ out appraisement, and the property is sold accordingly. and purchased for an inconsiderable price, the sale will be null. The stipulation for a sale for cash, without appraisement, was waived by the party for whose benefit it was made, by his claiming a seizure and sale ac⁻ cording to law—that is, by observing the formalities ordinarily required in proceedings *viâ executivâ*, one of which is the appraisement of the property. The clerk was not authorised under this order, which was made in accordance with the prayer of the petition, to direct the sale to be made without appraisement.

APPEAL from the District Court of Washington, *Jones,* J. The facts of this case are fully statated in the opinion of the court, *infra.*

*Halsey,* for the appellants.   The Code of Practice, article 745, provides that, " When the sheriff sells property which he has seized conformably to the pro⁻ visions contained in this chapter, he must cause the same appraisements to be made, and observe the same delays and formalities, as are prescribed for the sale of property seized in execution.   The defendant relies upon a renuncia⁻ tion of appraisement, made by the mortgagors in the act of mortgage.   They renounced the benefit of all laws requiring property seized in execution to be appraised.   This was a renunciation on the part of the mortgagors.   It did not impose an obligation on the plaintiffs, but conferred a *right,* which the plaintiffs could abandon or enforce at pleasure.   The petition for the order of seizure and sale does expressly allege the renunciation of appraisement.   The petition⁻ ers prayed that the property might be " seized and sold *as the law directs,*" and the court granted the order " *as prayed for,*" and directed that the property might *be seized and sold as the law directs.*"

As the petitioners did not allege or prove the renunciation of appraisement, the court could not direct a sale without appraisement.   In this respect the rules are the same in suits by executory process as in suits by ordinary process. C. P. arts. 63, 95, 98, 170, 734, 172, nos. 3, 5.   The judgment must conform to the prayer.   4 La. 242.   6 La. 66.

The order required an appraisement.   The court decreed a sale " as the law directs, that is, with the observance of all the formalities prescribed by the Code of Practice.   C. P. 745.   The order should have been obeyed, without regard to the agreement of the parties.   " A judgment derives its force and effect from what is decreed by the court, and not from the admissions of the parties."   8 Mart. N. S. 465.

*J. R. Jones,* and *Childress,* for the defendant.   The sale was provoked by plaintiffs, and made for their benefit.   They cannot take advantage of any irregularities in their own acts.

The judgment of the court was pronounced by

King, J.* The plaintiffs have instituted this action to annul a sale of a tract of land, made by the sheriff under an execution issued at the suit of the plaintiffs against *Mapes & Singleton.* The alleged nullity is, that the sale was made for cash, without a previous appraisement, in consequence of which the land was sold at a sacrifice, to the prejudice of the plaintiffs' rights. The defendant avers that the sale was legal, and that it was made without appraisement, at the request of the plaintiffs. There was a judgment for the defendant in the court below, and the plaintiffs have appealed.

It is shown by the evidence that *Mapes & Singleton* mortgaged the tract of land in question to the plaintiffs, to secure the repayment of a loan of money. The act contained the following clause : " They, the said appearers agreeing and hereby consenting that if the said sum of $1,000 shall not be paid when the same becomes due, that then the said president and directors, their attorney or assigns, may obtain an order of seizure and sale, and cause the above described mortgaged property to be sold to the highest bidder, *for cash, without appraisement,* after thirty days' advertisement." Upon this act, which is authentic in form, the plaintiffs presented a petition to the district judge praying for an order of seizure and sale, in which no reference was made to this stipulation, and the right to sell without appraisement was not claimed. The prayer of the petition is, that an order of seizure and sale may issue as the law directs; that the property, on which petitioners " have a special mortgage for the payment of said sum, or so much thereof as may suffice, be *seized and sold as the law directs,*" &c. Upon this petition the judge made the following decree : " It is ordered that an order of seizure and sale issue as *prayed for ;* that the property upon which petitioners have a special mortgage, or so much thereof as may suffice to pay plaintiffs' demand, be seized and sold *as the law directs.* In the writ, which was issued by the clerk upon this order, the sheriff is directed to seize and sell for cash, without the benefit of appraisement, the following property, &c. ; and, in conformity with this direction, the sheriff advertised the property for sale on those terms, and adjudicated it for cash, without previous appraisement, to the present defendant, for $13.

It is manifest that the sale was not made in conformity with the order of the judge. The stipulation in the act of mortgage was one made for the benefit of plaintiffs, which it was discretionary with the bank to have enforced or to renounce. It was virtually waived by claiming a seizure and sale according to law, the true intendment of which is, that the proceedings were to be in conformity with the rules which govern seizures and sales under executory process. The order was in accordance with the prayer of the petition, and no sale could have been legally effected under it, without observing the formalities required in ordinary cases under executory proceedings, one of which is, that the property shall be previously appraised. The clerk was not authorised, under the order granted by the judge, to direct that the sale should be made without appraisement. His act was null, and conferred no authority on the sheriff to dispense with the observance of a formality, which was so essential as the result proves, to the protection of the plaintiffs' rights.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that the adjudication and sale made by the sheriff of the parish of Washington to the defendant, *James A. Bradford,* on the 6th day of

---

* Eustis, C. J., being interested in this case, did not sit on its trial.

UNION BANK
*v.*
BRADFORD.

July, 1844, of a tract of land situate in said parish of Washington, containing 640 acres, being section no. 44, township no. 3, range no. 8, with the improvements thereon, seized at the suit of the *Union Bank of Louisiana* against *Thomas Mapes and wife*, and *Robert Singleton and wife*, be cancelled and annulled. It is further ordered, that the appellee pay the costs of both courts.